CLARK, The JULIET C. v. WELSH. See Case No. 7,580.

CLARK, The W. H.  See Case No. 17,482.

=====

## Case No. 2,842.

### In re CLARKE.

[2 Ben. 72;[1] Bankr. Reg. Supp. 41; 1 N. B. R. 188; 6 Int. Rev. Rec. 206.]

District Court, E. D. New York. Dec., 1867.

BANKRUPTCY—REGISTER'S FEES—ADJOURNED MEETINGS.

[Where, on application of an opposing creditor, the register orders the bankrupt to appear for examination, and on his appearance the examination is adjourned at the instance of the creditors, the register is not entitled to a fee of five dollars as for a "day's service while actually employed under the especial order of the court."]

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[In this case Register Winslow certified [Nov. 22, 1867], that G. A. Seixas, attorney for a creditor who had proved his claim, applied for an order for examination of bankrupt, which was granted. Upon the return of the order the bankrupt appeared for examination with his attorney, but the attorney for the creditor was not ready, and at his request the examination was postponed.

[The attorney claimed and insisted that the register's fees for services in taking examination of bankrupt under an order for that purpose, and granted upon the application of a creditor, were paid out of the bankrupt's deposit, under section 47, eleventh paragraph [Act 1867; 14 Stat. 540]; that an adjournment of an examination without taking any testimony was merely a meeting under 3d paragraph of same section, and $3 are the fees therefor instead of $5, under the 8th paragraph of same section; that the meeting at which testimony is taken is only to be charged for under same section, 3d paragraph, $3.

[The register claimed that this was a day's service under a special order,—the order for the examination,—and that the register's fee was (5) five dollars. Section 47, subd. 8.

[1. Section 47 prescribes the register's fees, and when paid by the bankrupt he is to pay according to those rates, and when the services are rendered for creditors and others they are to pay according to the same rates. Section 4 provides that "the fees of said registers as established by this act and by the general rules and orders required to be framed under it, shall be paid to them by the parties for whom the services may be rendered, in the course of proceedings authorized by this act." This service was not rendered for the benefit of the bankrupt, and upon no pretence can he be called to pay for it. The service is for the benefit of the creditor; he is in search of concealed assets, or is endeavoring to show that his claim is of such a nature that a discharge in bankruptcy will not wipe it out, or is searching for facts to defeat the proceeding altogether; so his claim may stand until barred by the statute of limitations if not paid.

[2. The fee for this service is chargeable under the 8th subdivision, and not under the 3d.

[Judge Blatchford has held in MacIntire's Case [Case No. 8,821] that the meeting referred to in the 3d subdivision and elsewhere means a "meeting of creditors" such as is spoken of in section 12, pp. 27 and 28.][2]

BENEDICT, District Judge. A register is not entitled to five dollars upon the adjournment of an examination, as for "a day's service while actually employed under the especial order of the court," where, on the application of an opposing creditor, an order has been made by the register that the bankrupt attend and be examined before him, and on the day fixed the bankrupt appeared, but the opposing creditor was not ready, and accordingly the examination was adjourned.